# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 15-cv-60082-DIMITROULEAS/SNOW

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FREDERIC ELM f/k/a FREDERIC ELMALEH, | ) |
| ELM TREE INVESTMENT ADVISORS, LLC, | ) |
| ELM TREE INVESTMENT FUND LP, | ) |
| ELM TREE 'E'CONOMY FUND LP, and | ) |
| ELM TREE MOTION OPPORTUNITY LP, | ) |
| | ) |
| Defendants, | ) |
| and | ) |
| | ) |
| AMANDA ELM f/k/a AMANDA ELMALEH, | ) |
| | ) |
| Relief Defendant. | ) |
| _____ | ) |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER
## AND OTHER EMERGENCY RELIEF

This cause comes before the Court upon the Emergency Motion by Plaintiff Securities and Exchange Commission for the following orders with respect to Defendants Frederic Elm f/k/a Frederic Elmaleh ("Elm"), Elm Tree Investment Advisors, LLC ("ETIA"), Elm Tree Investment Fund LP ("ETI Fund"), Elm Tree 'e'Conomy Fund LP ("'e'Conomy Fund"), and Elm Tree Motion Opportunity LP ("Motion Opportunity Fund") (the ETI Fund, 'e'Conomy Fund and Motion Opportunity Fund are collectively referred to as the "Elm Tree Funds"), and Relief Defendant Amanda Elm f/k/a Amanda Elmaleh ("Amanda Elm"):

1. a Temporary Restraining Order;

2. an Order to Show Cause Why a Preliminary Injunction Should Not be Granted;

3. an Order Freezing the Assets of Defendants and Relief Defendant;

4. an Order Requiring Sworn Accountings;

5. an Order Prohibiting Destruction of Documents; and

6.   an Order Expediting Discovery.

The Court has considered the Commission's Complaint, its Emergency Motion for a Temporary Restraining Order and Other Relief and Memorandum of Law in Support, and the declarations and exhibits filed in support thereof.  The Court finds the Commission has made a sufficient and proper showing in support of the relief granted herein by: (i) presenting a *prima facie* case of securities laws violations by Defendants; and (ii) showing a reasonable likelihood Defendants will harm the investing public by continuing to violate the federal securities laws unless they are immediately restrained.  The Court also finds good cause to believe that unless immediately restrained and enjoined by Order of this Court, Defendants and Relief Defendant will continue to dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an Order of Disgorgement.

Accordingly, the motion is **GRANTED**, and the Court hereby orders as follows:

**I.**

**SHOW CAUSE HEARING**

**IT IS HEREBY ORDERED** that Defendants show cause, if any, before the Honorable William P. Dimitrouleas of this Court, at 1:15 o'clock P.m., on the 29 day of January, 2015, in Courtroom 205 B , United States Courthouse, in Fort Lauderdale , Florida, or as soon thereafter as the matter can be heard, why a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be granted against Defendants, as requested by the Commission.

**II.**

**TEMPORARY RESTRAINING ORDER**

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction, Defendants Elm, ETIA and the Elm Tree Funds, and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating:

A.    Section 17(a)(1) of the Securities Act

Section 17(a)(1) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(1), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or

indirectly, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

### B.    Section 17(a)(2) of the Securities Act

Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

### C.    Section 17(a)(3) of the Securities Act

Section 17(a)(3) of the Securities Act, 15 U.S.C. § 77q(a)(3), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D)

compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

D.      Section 10(b) and Rule 10b-5(a) of the Exchange Act

Section 10(b) and Rule 10b-5(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

E.      Section 10(b) and Rule 10b-5(b) of the Exchange Act

Section 10(b) and Rule 10b-5(b) of the Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(b), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

F.      Section 10(b) and Rule 10b-5(c) of the Exchange Act

Section 10(b) and Rule 10b-5(c) of the Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any

security, to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Defendants' qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction, Defendants Elm and ETIA, and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating:

G.   Section 206(1) of the Advisers Act

Section 206(1) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(1), by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, while acting as an investment adviser, to employ any device, scheme, or artifice to defraud any client or prospective client, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Elm's and ETIA's qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

G.   Section 206(2) of the Advisers Act

Section 206(2) of the Advisers Act, 15 U.S.C. § 80b-6(2), by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, while acting as an investment adviser, to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A)

any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Elm's and ETIA's qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

H.      Section 206(4) and Rule 206(4)-8(a)(1) of the Advisers Act

Section 206(4) and Rule 206(4)-8(a)(1) of the Advisers Act, 15 U.S.C. § 80b-6(4) and 17 C.F.R. § 275.206(4)-8(a)(1), by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, while acting as an investment adviser to a pooled investment vehicle, to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Elm's and ETIA's qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

I.      Section 206(4) and Rule 206(4)-8(a)(2) of the Advisers Act

Section 206(4) and Rule 206(4)-8(a)(2) of the Advisers Act, 15 U.S.C. § 80b-6(4) and 17 C.F.R. § 275.206(4)-8(a)(2), by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, while acting as an investment adviser to a pooled investment vehicle, to otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle, by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment strategy or investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds; (D) compensation to any person; (E) Elm's and ETIA's qualifications to advise investors; or (F) the misappropriation of investor funds or investment proceeds.

## III.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction:

A.      Defendants Elm, ETIA and the Elm Tree Funds, and Relief Defendant Amanda Elm, and their respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, email, facsimile transmission or otherwise, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located:

1.      Frederic Elm f/k/a Frederic Elmaleh;

2.      Elm Tree Investment Advisors, LLC;

3.      Elm Tree Investment Fund LP;

4.      Elm Tree 'e'Conomy Fund LP;

5.      Elm Tree Motion Opportunity LP; and

6.      Amanda Elm f/k/a Amanda Elmaleh

B.      Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Defendants Elm, ETIA and the Elm Tree Funds, and/or Relief Defendant Amanda Elm, directly or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets, including, but not limited to, the following presently known bank accounts:

- 7 -

| Financial Institution | Name of Account | Account Number |
|---|---|---|
| JP Morgan Chase | Elm Tree 'E' Conomy Fund, LP | XXXXX5527 |
| JP Morgan Chase | Elm Tree Investment Advisors, LLC | XXXXX0163 |
| JP Morgan Chase | Elm Tree Investment Fund, LP | XXXXX6580 |
| JP Morgan Chase | Amanda R. Elm, Frederic Elm | XXXXX4454 |
| JP Morgan Chase | Amanda R. Elm | XXXXX4447 |
| OptionsXpress/ Charles Schwab | Frederic D. Elm | XXXX-4568 |
| TD Ameritrade | Elm Tree Investment Fund, LP | XXX-XX7284 |
| TD Ameritrade | Frederic Elm | XXX-XX1126 |
| Wells Fargo | Elm Tree Motion Opportunity, LP | XXXXXX0283 |
| Wells Fargo | Elm Tree Motion Opportunity, LP | XXXXXX9689 |
| Wells Fargo | Elm Tree Investment Fund, LP | XXXXXX8075 |
| Wells Fargo | Elm Tree Investment Advisors, LLC | XXXXXX5784 |
| Wells Fargo | Elm Tree Investment Advisors, LLC | XXXXXX8067 |
| Wells Fargo | Frederic Elm | XXXXXX3623 |
| Wells Fargo | Frederic Elm | XXXXXX3865 |

## IV.

## SWORN ACCOUNTINGS

A.   Accounting and Identification of Accounts by Elm

**IT IS FURTHER ORDERED** that within five calendar days of the issuance of this Order, Defendant Elm shall:

(a)   make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature), of any kind, received by Elm directly or indirectly from ETIA and/or the Elm Tree Funds;

(b)   make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by Elm, jointly or individually, or for his direct or indirect beneficial interest, or over which he maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c)   provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which he (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which he has the power or right to exercise control.

B.   Accounting and Identification of Accounts by Amanda Elm

**IT IS FURTHER ORDERED** that within five calendar days of the issuance of this Order, Relief Defendant Amanda Elm shall:

(a)   make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature), of any kind, received by Amanda Elm directly or indirectly from Elm, ETIA and/or the Elm Tree Funds;

(b)   make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by Amanda Elm, jointly or individually, or for her direct or indirect beneficial interest, or over which she maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c)      provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which she (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which she has the power or right to exercise control.

C.      Accounting and Identification of Accounts by ETIA and the Elm Tree Funds

**IT IS FURTHER ORDERED** that within five calendar days of the issuance of this Order, Defendants ETIA and the Elm Tree Funds shall:

(a)      make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature), of any kind, received from any source, including, but not limited to, funds received directly or indirectly from sales of interests in the Elm Tree Funds;

(b)      make a sworn accounting to this Court and the Commission of all funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature), of any kind, they have paid directly or indirectly to Elm and/or Amanda Elm;

(c)      make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by ETIA and/or the Elm Tree Funds, jointly or individually, or for their direct or indirect beneficial interest, or over which they maintain control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c)      provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which they (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either have an interest or over which they have the power or right to exercise control.

- 10 -

## V.

## RECORDS PRESERVATION

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction, Defendants Elm, ETIA and the Elm Tree Funds, and Relief Defendant Amanda Elm, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Defendants Elm, ETIA and the Elm Tree Funds, and/or Relief Defendant Amanda Elm, wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

## VI.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that:

(a)    Immediately upon entry of this Order, and while the Commission's request for a Preliminary Injunction is pending, the parties may take depositions upon oral examination of parties and non-parties subject to two days' notice.  Should any Defendant or Relief Defendant fail to appear for a properly noticed deposition, that party may be prohibited from introducing evidence at the hearing on the Commission's request for a preliminary injunction;

(b)    Immediately upon entry of this Order, and while the Commission's request for a Preliminary Injunction is pending, the parties shall be entitled to serve interrogatories, requests for the production of documents and requests for admissions. The parties shall respond to such discovery requests within two days of service;

(c)    Immediately upon entry of this Order, and while the Commission's request for a Preliminary Injunction is pending, the parties may issue subpoenas for documents, things and electronically stored information to non-parties pursuant to Fed. R. Civ. P. 45, with responses due within one week of the date of service;

(d)     All responses to the Commission's discovery requests shall be delivered to Patrick R. Costello, Esq. at 801 Brickell Avenue, Suite 1800, Miami, Florida 33131 by the most expeditious means available; and

(e)     Service of discovery requests shall be sufficient if made upon the parties by email, facsimile or overnight courier, and depositions may be taken by telephone or other remote electronic means.

## VII.
## RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction over this matter and Defendants and Relief Defendant in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 16 day of January, 2015.

WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

- 12 -