UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-60082-DIMITROULEAS/SNOW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

FREDERIC ELM f/k/a FREDERIC ELMALEH,
et al.,

    Defendants,

and

AMANDA ELM f/k/a AMANDA ELMALEH,

    Relief Defendant.
_____ )

## RECEIVER'S FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES INCURRED BY THE RECEIVER AND RETAINED COUNSEL

Receiver Grisel Alonso, not individually, but solely in her capacity as Court-appointed receiver ("Receiver") for Elm Tree Investment Advisors, LLC, Elm Tree Investment Fund LP, Elm Tree "e"Conomy Fund LP, and Elm Tree Motion Opportunity LP (collectively, the "Receivership Entities"), files her First Interim Application for Allowance and Payment of Fees and Expenses Incurred by the Receiver and Retained Counsel, and requests that this Court enter an Order authorizing her to make payments for certain professional services and expenses incurred during the period of January 16, 2015 through March 31, 2015 ("Application Period").

The Receiver respectfully requests that the Court authorize the Receiver to pay: (a) Michael Moecker and Associates, Inc. for reasonable fees and costs; and (b) Broad and Cassel, as Receiver's primary counsel, for reasonable attorneys' fees and costs.

The Securities and Exchange Commission has reviewed this First Interim Application and has no objection the relief requested herein.

## I. RETENTION OF RECEIVER

### A. The SEC's Motion

On January 15, 2015, the SEC filed its Complaint for Injunctive and Other Relief (D.E. 1) and Emergency Motion to Appoint for Appointment of Receiver (D.E. 8). In the Complaint, the SEC seeks to temporarily and permanently enjoin Defendant Frederic Elm f/k/a Frederic Elmaleh ("Defendant Elm") and the Receivership Entities from violating the antifraud and registration provisions of federal securities laws. (D.E. 1 at 1). The Commission also seeks to protect and preserve millions of dollars of investor assets at risk. (*Id*. at 2).

### B. The Court Appoints Grisel Alonso, Esq. as Receiver

On January 16, 2015, the Court entered an order appointing Ms. Alonso as the Receiver (the "Receivership Order"). (D.E. 13). The Order placed the Receiver in charge of the Receivership Entities. (*Id.* at 2). The Receivership Order authorized and directed the Receiver to, among other things:

- take immediate possession of all property, assets and estates of every kind of the Receivership Entities;

- investigate the manner in which the affairs of the Receivership Entities were conducted;

- employ legal counsel and other professionals as the Receiver deems necessary and to take possession of the assets and business and to fix and pay their reasonable compensation and reasonable expenses;

- engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities;

- defend, compromise or settle legal actions in which the Receivership Entities or the Receiver is a party;

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

2

- assume control of all of the Receivership Entities' financial accounts, as necessary;

- make payments and disbursements from the funds and assets taken into control as necessary in discharging the Receiver's duties; and

- have access to and review all mail of the Receivership Entities, Defendant Elm, and Relief Defendant Amanda Elm f/k/a Amanda Elmaleh.

(D.E. 13 at 2-3).

## II.  REQUEST FOR FEES AND EXPENSES

The Receiver and her counsel have worked diligently to marshal and preserve all assets of the Receivership Entities, investigate their business operations, and investigate any claims the Entities may have. The Receiver's efforts after the Receivership Order, including the gathering of evidence, marshaling of assets, negotiation of settlements, and ongoing efforts are set forth in detail in the Receiver's First Report, filed on March 20, 2015. (D.E. 50).

The Receiver respectfully requests an award for all legal and professional fees and the reimbursement of certain expenses incurred on behalf of the Receiver for services rendered during the Application Period. These amounts total $261,741.31 in the aggregate ("Total Award"). The Total Award is comprised of: (a) $173,035.94 in fees and costs for the Receiver and professionals at Michael Moecker and Associates, Inc.; and (b) $88,705.37 in legal fees and costs for Broad and Cassel.

Significantly, the Receiver and those working with her worked at deeply discounted rates in performing their functions. Moreover, the Receiver and her counsel further reduced the final total cost through writing off various fees incurred for work performed.

This request is the Receiver's first application to the Court for compensation and reimbursement of expenses for services rendered on behalf of the Receiver. No understanding

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

3

exists between the Receiver and any other person for the sharing of compensation sought by this Receiver, except among the firms retained by the Receiver.

As demonstrative of the efforts performed on behalf of the Receiver, the Receiver has attached exhibits to this Application consisting of:

  Exhibit 1: Summary of Professional and Paraprofessional Time;

  Exhibit 2: Individualized and Detailed Descriptions of the Services Rendered for Michael Moecker and Associates, Inc.;

  Exhibit 3: Individualized and Detailed Descriptions of the Expenses Incurred and Disbursements Made by Michael Moecker and Associates, Inc.; and

  Exhibit 4: Monthly Individualized and Detailed Descriptions of the Services Rendered, Expenses, and Disbursements for Broad and Cassel.

Exhibit 1 contains an aggregate summary of all hours accumulated by the Receiver and all counsel, paralegals, professionals, and paraprofessionals who have been involved and provided services for the Receiver during the course of the Application Period segregated by each firm performing services. The total amount represents the amount of time expended by each attorney, paralegal, and professional multiplied by the applicable hourly rate.

Exhibit 2 reflects individualized and detailed descriptions of the daily services rendered and hours expended by the Receiver and her professionals and paraprofessionals at Michael Moecker and Associates, Inc. who have been involved and provided services for the Receiver during the course of the Application Period. Exhibit 2 is based on, among other information, the contemporaneous daily time records maintained by the Receiver and her professionals and paraprofessionals at Michael Moecker and Associates, Inc. who rendered services in this case. These time records have also been reviewed and approved by the Receiver, and, based on the

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

4

complexity of the case, the Receiver respectfully submits that the requested compensation is reasonable.[1]

Exhibit 3 reflects the actual and necessary out-of-pocket expenses incurred and disbursements made by the Receiver during the course of the Application Period. The expenses and disbursements summarized in Exhibit 3 are those which the Receiver and Michael Moecker and Associates, Inc. would typically invoice to their clients.

Finally, Exhibit 4 contains an individualized and detailed description of the daily services rendered and the hours expended by the various attorneys, paralegals, and professionals at Broad and Cassel employed on behalf of the Receiver in this case. Exhibit 4 also contains a detailed schedule which lists the expenses incurred and disbursements made by Broad and Cassel for which the Receiver seeks funds for reimbursement. Exhibit 4 is based on, among other

---

[1] The time records for the Receiver and the Receiver's counsel at Broad and Cassel showing the detailed descriptions of the services rendered are categorized with the following codes:

Legal Activities
AAR – Asset Analysis and Recovery
ADN – Asset Disposition
BO – Business Operations
CA – Case Administration
CLA – Claims Administration and Objections
EMP – Employee Benefits/Pensions

Financial Activities
AA – Accounting/Auditing
BA – Business Analysis
CF – Corporate Finance
DA – Data Analysis
SR – Status Reports
LC – Litigation Consulting
FA – Forensic Accounting
TI – Tax Issues
VAL – Valuation

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

5

information, the contemporaneous daily time records maintained by the attorneys, paralegals, and professionals at Broad and Cassel who rendered services in this case. These time records have also been reviewed and approved by the Receiver, and, based on the complexity of the case, the Receiver respectfully submits that the requested compensation is reasonable.

### III.   MEMORANDUM OF LAW

Under governing law, following a determination that services were rendered and costs expended in furtherance of the Receivership, the Court may award compensation for those fees and costs. When determining an award of attorneys' fees incurred during a receivership, the Court should give consideration to the factors for compensation that the Eleventh Circuit articulated in *In re Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988): (1) the time and labor required; (2) the novelty and difficulty of the question involved; (3) the skill requisite to perform the legal service properly; (4) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (5) the fee customarily charged in the locality for similar legal services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the lawyer or lawyers performing the services; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) any awards in similar cases. *See also Sec. & Exch. Comm'n v. Elliot*, 953 F. 2d 1560, 1577 (11th Cir. 1992). The Receiver respectfully submits that her request for fees for payment of her attorneys and other professionals meets the criteria for this interim compensation.

In this case, the Receivership Order requires the Receiver, among other things, to take immediate possession of all property, assets and estates of the Receivership Entities; investigate

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

6

the manner in which the affairs of the Receivership Entities were conducted; and assume control of all of the Receivership Entities' financial accounts, as necessary. (D.E. 13 at 2-3). The Receivership Order allows the Receiver to appoint "one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business…." (*Id.* at 3). The Court further authorized payment of these professionals from the funds held by the Receivership. (*Id.*).

The Receiver's attorneys, paralegals, and advisors have incurred reasonable fees and costs consistent the Court's Orders, and payment is appropriate and warranted in consideration of the Eleventh Circuit multi-factor test, as follows:  The Receiver and the Receiver's attorneys have expended a considerable amount of time and effort in order to perform the extensive work necessary to perform the tasks set forth in this Court's Receivership Order. (Factor 1). There were difficulties determining the interrelationship of the Defendants' related entities and the extent of their participation in the fraudulent conduct, due to the breadth of the fraud and the lack of access to the records maintained by the Defendants, as well as the specific factual circumstances and legal issues involved in the Receivership Entities' operations (Factors 2 and 3). The Receiver and her counsel have engaged in extensive fact-finding and legal analysis in light of the complex issues raised by the Receivership and interested parties, limiting their ability to perform other, significant work due to the demands of this case on their time (Factor 4). Moreover, the Receiver and the law firm retained by the Receiver agreed to work for significantly reduced rates to maximize the amount of funds ultimately to be distributed to investors (Factor 5). Accordingly, they have taken a substantial financial risk, and failure to recover their fees would place a tremendous burden on their practices (Factor 6).

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

7

Moreover, managing the receivership and the attendant litigation presented numerous, complex issues, and the Receiver and her retained counsel have spent a great deal of time and effort trying to obtain information about the Receivership Entities and their relationship with others (Factors 2, 3, 7). Among other things, there was injunction practice and discovery, involving a great deal of information and sophisticated legal issues. (*Id.*). The Receiver's tasks were made more challenging and complicated because Defendant Elm and Relief Defendant Amanda Elm have taken the Fifth Amendment and have refused to provide financial and accounting information to the Receiver. (*Id.*). In addition, the Receiver has filed a Motion for Turnover of Elm Tree Domain Names [DE 67] to gain access to domains utilized by the Receivership Entities which are registered at various hosting companies. (*Id.*).

The foregoing challenges, the significant responsibilities of the Receiver, the complex factual and legal issues and the amount of money at stake, all necessitated the retention of the experienced, skilled, and reputable professionals at issue. (Factors 2, 3, 8, 9). The results obtained have been significant. (Factor 8). The Receiver and her retained counsel gathered a great deal of information about the Defendants' financial assets and liabilities, assisted in marshalling assets, obtained substantial discovery needed for the recovery of funds, obtained turnover of valuable assets, and also made great strides toward determinations necessary to ensure a proper claims process (Factor 8). In view of these circumstances, this request for fees and expenses, which are the result of discounted and reduced rates, is appropriate and warranted (Factor 12).

WHEREFORE, the Receiver, Grisel Alonso, respectfully requests that this Court enter an Order authorizing the payment of: (1) $173,035.94 in fees and costs to the Receiver and her professionals at Michael Moecker and Associates, Inc.; (2) $88,705.37 in fees and costs to Broad

**BROAD and CASSEL**
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida   33131-1811   305.373.9400

8

and Cassel; and (3) authorizing the Receiver to distribute from the Receivership Estate funds to its retained counsel and professionals.

                        Respectfully submitted,

                        **BROAD AND CASSEL**
                        Attorneys for Receiver
                        One Biscayne Tower, 21st Floor
                        2 South Biscayne Boulevard
                        Miami, FL 33131
                        Tel: (813) 225-3011
                        Fax: (813) 204-2137

                        By:  *s/Daniel S. Newman*
                             Daniel S. Newman, P.A.
                             Florida Bar No. 0962767
                             dnewman@broadandcassel.com
                             Amanda Star Frazer, Esq.
                             Florida Bar No. 43921
                             afrazer@broadandcassel.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 30, 2015, a true and correct copy of the foregoing was served via electronic transmission on all counsel or parties of record on the Service List below.

                        By:  *s/Daniel S. Newman*
                            Daniel S. Newman, P.A.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

9

**SERVICE LIST**

| | |
|---|---|
| Patrick R. Costello, Esq.<br>Katharine Zoladz, Esq.<br>costellop@sec.gov<br>zoladzK@sec.gov<br>U.S. Securities and Exchange Commission<br>801 Brickell Avenue<br>Suite 1800<br>Miami, FL 33131<br>*Counsel for U.S. Securities and Exchange Commission* | David R. Chase, Esq.<br>david@davidchaselaw.com<br>David R. Chase, P.A.<br>1700 East Las Olas Boulevard<br>Suite 305<br>Fort Lauderdale, FL  33301<br>*Counsel for Defendant Frederic Elm and Relief Defendant Amanda Elm* |
| Christopher Bruno, Esq.<br>cbruno@brunodegenhardt.com<br>Bruno & Degenhardt<br>10615 Judicial Drive<br>Suite 703<br>Fairfax, VA  22030<br>*Counsel for Defendant Frederic Elm and Relief Defendant Amanda Elm* | Grisel Alonso, Esq.<br>galonso@moecker.com<br>Michael Moecker & Associates, Inc.<br>3613 North 29th Avenue<br>Hollywood, FL 33020<br>*Receiver* |

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

10