UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-60082-DIMITROULEAS/SNOW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

FREDERIC ELM f/k/a FREDERIC ELMALEH,
et al.,

    Defendants,
and

AMANDA ELM f/k/a AMANDA ELMALEH,

    Relief Defendant.
_____ )

## RECEIVER'S THIRD INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES INCURRED BY THE RECEIVER AND RETAINED COUNSEL

    Receiver Grisel Alonso, not individually, but solely in her capacity as Court-appointed receiver ("Receiver") for Elm Tree Investment Advisors, LLC, Elm Tree Investment Fund LP, Elm Tree "e"Conomy Fund LP, and Elm Tree Motion Opportunity LP (collectively, the "Receivership Entities"), files her Third Interim Application for Allowance and Payment of Fees and Expenses Incurred by the Receiver and Retained Counsel, and requests that this Court enter an Order authorizing her to make payments for certain professional services and expenses incurred during the period of July 1, 2015 through December 31, 2015 ("Application Period").

    The Receiver respectfully requests that the Court authorize the Receiver to pay: (a) Michael Moecker and Associates, Inc. ("MMA") for reasonable fees and costs; and (b) Broad and Cassel ("B&C"), as Receiver's primary counsel, for reasonable attorneys' fees and costs.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

The Securities and Exchange Commission has reviewed this Third Interim Application and does not object to the relief requested herein.

## I. RETENTION OF RECEIVER

### A. The SEC's Motion

On January 15, 2015, the SEC filed its Complaint for Injunctive and Other Relief (D.E. 1) and Emergency Motion to Appoint for Appointment of Receiver (D.E. 8). In the Complaint, the SEC seeks to temporarily and permanently enjoin Defendant Frederic Elm f/k/a Frederic Elmaleh ("Defendant Elm") and the Receivership Entities from violating the antifraud and registration provisions of federal securities laws. (D.E. 1 at 1). The Commission also seeks to protect and preserve millions of dollars of investor assets at risk. (*Id.* at 2).

### B. The Court Appoints Grisel Alonso, Esq. as Receiver

On January 16, 2015, the Court entered an order appointing Ms. Alonso as the Receiver (the "Receivership Order"). (D.E. 13). The Order placed the Receiver in charge of the Receivership Entities. (*Id.* at 2). The Receivership Order authorized and directed the Receiver to, among other things:

- take immediate possession of all property, assets and estates of every kind of the Receivership Entities;

- investigate the manner in which the affairs of the Receivership Entities were conducted;

- employ legal counsel and other professionals as the Receiver deems necessary and to take possession of the assets and business and to fix and pay their reasonable compensation and reasonable expenses;

- engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities;

- defend, compromise or settle legal actions in which the Receivership Entities or the Receiver is a party;

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

2

- assume control of all of the Receivership Entities' financial accounts, as necessary;

- make payments and disbursements from the funds and assets taken into control as necessary in discharging the Receiver's duties; and

- have access to and review all mail of the Receivership Entities, Defendant Elm, and Relief Defendant Amanda Elm f/k/a Amanda Elmaleh.

(D.E. 13 at 2-3).

## II.     REQUEST FOR FEES AND EXPENSES

The Receiver respectfully requests an award for all legal and professional fees and the reimbursement of certain expenses incurred on behalf of the Receiver for services rendered during the Application Period. These amounts total $157,786.13 in the aggregate ("Total Award"). The Total Award is comprised of: (a) $91,111.48 in fees and costs for the Receiver and professionals at MMA; and (b) $66,674.65 in legal fees and costs for B&C.

Significantly, the Receiver and those working with her worked at deeply discounted rates in performing their functions. Moreover, the Receiver and her counsel further reduced the final total cost through writing off various fees incurred for work performed and not charging for other services.

This request is the Receiver's third application to the Court for compensation and reimbursement of expenses for services rendered on behalf of the Receiver. The Receiver filed her First Interim Application for Allowance and Payment of Fees and Expenses Incurred by the Receiver and Retained Counsel (the "First Interim Application") on June 30, 2015 (D.E. 102), and a Supplement to the First Interim Application on August 10, 2015 (D.E. 112). The Magistrate Judge entered a Report and Recommendation on August 19, 2015 recommending that the Court approve the First Interim Application (D.E. 113) and the Court entered an Order

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

3

Adopting Report of Magistrate Judge on September 8, 2015. (D.E. 117). The Receiver filed her Second Interim Application for Allowance and Payment of Fees and Expenses Incurred by the Receiver and Retained Counsel (the "Second Interim Application") on October 30, 2015 (D.E. 125). The Magistrate Judge entered a Report and Recommendation on November 18, 2015 recommending that the Court approve the Second Interim Application (D.E. 129) and the Court entered an Order Adopting Report of Magistrate Judge on December 8, 2015. (D.E. 132).

No understanding exists between the Receiver and any other person for the sharing of compensation sought by this Receiver, except among the firms retained by the Receiver.

As demonstrative of the efforts performed on behalf of the Receiver, the Receiver has attached exhibits to this Application consisting of:

Exhibit 1: Summary of Professional and Paraprofessional Time;

Exhibit 2: Individualized and Detailed Descriptions of the Services Rendered and Expenses Incurred by MMA;

Exhibit 3: Invoices and receipts for Expenses of MMA;

Exhibit 4: Individualized and Detailed Descriptions of the Services Rendered and Expenses Incurred by B&C; and

Exhibit 5: Invoices and receipts for Expenses of B&C.

Exhibit 1 contains an aggregate summary of all hours accumulated by the Receiver and all counsel, paralegals, professionals, and paraprofessionals who have been involved and provided services for the Receiver during the course of the Application Period segregated by each firm performing services. The total amount represents the amount of time expended by each attorney, paralegal, and professional multiplied by the applicable hourly rate.

Exhibit 2 reflects individualized and detailed descriptions of the daily services rendered and hours expended by the Receiver and her professionals and paraprofessionals at MMA who

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

4

have been involved and provided services for the Receiver during the course of the Application Period and includes an itemization of the actual and necessary out-of-pocket expenses incurred by MMA. Exhibit 2 is based on, among other information, the contemporaneous daily time records maintained by the Receiver and her professionals and paraprofessionals at MMA who rendered services in this case. These time records have been reviewed and approved by the Receiver, and, based on the complexity of the case, the Receiver respectfully submits that the requested compensation is reasonable.[1]

Exhibit 3 contains copies of the invoices and receipts for the expenses incurred and disbursements made by the Receiver during the course of the Application Period. The expenses and disbursements summarized in Exhibit 3 are those which the Receiver and MMA would typically invoice to their clients.

---

[1] The time records for the Receiver and the Receiver's counsel at B&C showing the detailed descriptions of the services rendered are categorized with the following codes:

Legal Activities
AAR – Asset Analysis and Recovery
ADN – Asset Disposition
BO – Business Operations
CA – Case Administration
CLA – Claims Administration and Objections
EMP – Employee Benefits/Pensions

Financial Activities
AA – Accounting/Auditing
BA – Business Analysis
CF – Corporate Finance
DA – Data Analysis
SR – Status Reports
LC – Litigation Consulting
FA – Forensic Accounting
TI – Tax Issues
VAL – Valuation

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

5

Exhibit 4 contains an individualized and detailed description of the daily services rendered and the hours expended by the various attorneys, paralegals, and professionals at B&C employed on behalf of the Receiver in this case. Exhibit 4 also contains a detailed schedule which lists the expenses incurred and disbursements made by B&C for which the Receiver seeks funds for reimbursement. Exhibit 4 is based on, among other information, the contemporaneous daily time records maintained by the attorneys, paralegals, and professionals at B&C who rendered services in this case.  Exhibit 5 contains copies of the invoices and receipts related to the expenses incurred by B&C during the Application Period.  These time records have been reviewed and approved by the Receiver, and, based on the complexity of the case, the Receiver respectfully submits that the requested compensation is reasonable.

### III.    MEMORANDUM OF LAW

Under governing law, following a determination that services were rendered and costs expended in furtherance of the Receivership, the Court may award compensation for those fees and costs. When determining an award of attorneys' fees incurred during a receivership, the Court should give consideration to the factors for compensation that the Eleventh Circuit articulated in *In re Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988): (1) the time and labor required; (2) the novelty and difficulty of the question involved; (3) the skill requisite to perform the legal service properly; (4) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (5) the fee customarily charged in the locality for similar legal services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the lawyer or lawyers performing the services; (10) the "undesirability"

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

6

of the case; (11) the nature and length of the professional relationship with the client; and (12) any awards in similar cases. *See also Sec. & Exch. Comm'n v. Elliot*, 953 F. 2d 1560, 1577 (11th Cir. 1992). The Receiver respectfully submits that her request for fees for payment of her attorneys and other professionals meets the criteria for this interim compensation.

In this case, the Receivership Order requires the Receiver, among other things, to take immediate possession of all property, assets and estates of the Receivership Entities; investigate the manner in which the affairs of the Receivership Entities were conducted; and assume control of all of the Receivership Entities' financial accounts, as necessary. (D.E. 13 at 2-3). The Receivership Order allows the Receiver to appoint "one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business…." (*Id.* at 3). The Court further authorized payment of these professionals from the funds held by the Receivership. (*Id.*).

The Receiver's attorneys, paralegals, and advisors have incurred reasonable fees and costs consistent with the Court's Orders, and payment is appropriate and warranted in consideration of the Eleventh Circuit multi-factor test, as follows:  The Receiver and the Receiver's attorneys have expended a considerable amount of time and effort in order to perform the extensive work necessary to perform the tasks set forth in this Court's Receivership Order. (Factor 1). There were difficulties determining the interrelationship of the Defendants' related entities and certain recipients of funds, including the transfers of funds from Receivership Entities to third parties for which there are no little to no supporting documents providing a basis for the transfers, which required analysis and discovery by the Receiver and her counsel (Factors 2 and 3). The Receiver and her counsel have engaged in extensive fact-finding and legal analysis in light of the complex issues raised by the

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

7

Receivership, interested parties, and potential fraudulent transferees, limiting their ability to perform other, significant work due to the demands of this case on their time (Factor 4). Moreover, the Receiver and the law firm retained by the Receiver agreed to work for significantly reduced rates to maximize the amount of funds ultimately to be distributed to investors (Factor 5). Accordingly, they have taken a substantial financial risk, and failure to recover their fees would place a tremendous burden on their practices (Factor 6).

Further, managing the Receivership and the attendant litigation presented numerous, complex issues, and the Receiver and her retained counsel have spent a great deal of time and effort trying to obtain information about the Receivership Entities and their relationship with others (Factors 2, 3, 7). The Receiver's tasks were made more challenging and complicated because Defendant Elm and Relief Defendant Amanda Elm have taken the Fifth Amendment and have refused to provide financial and accounting information to the Receiver. (*Id.*). In addition, many of the third parties which received funds from Receivership Entities have little to no documents relating to the transfers, and the Receiver sought deposition testimony relating to those transfers in connection with the analysis of potential claw-back actions.

In connection with her duties to marshal and liquidate the assets of the Receivership during the Application Period, the Receiver engaged in protracted negotiations, took possession of assets, gathered information necessary to file a Motion to Approve Sale of Personal Property (Myecco Furniture) (D.E. 114), two Motions to Approve Sale of Real Property (Elm Home) (D.E. 119, 130), Motion for Turnover and Sale of Vehicles and Personal Property (D.E. 121), Motion for Order Determining that Funds Transferred to Navient Are Receivership Property and Requiring Turnover of Those Funds to the Receiver (D.E. 124); Motion to Employ Legal Counsel (D.E. 132), and Motion to Approve Sale of Personal Property (Computer Equipment and Safe) (D.E.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

8

143). In addition, the Receiver conducted extensive discovery, including the issuance of numerous Subpoenas Duces Tecum to third parties which received funds from Receivership Entities and taking several depositions of such third parties in order to analyze potential claw-back actions.

The foregoing challenges, the significant responsibilities of the Receiver, the complex factual and legal issues and the amount of money at stake, all necessitated the retention of the experienced, skilled, and reputable professionals at issue. (Factors 2, 3, 8, 9). The results obtained have been significant. (Factor 8). The Receiver and her retained counsel gathered a great deal of information that assisted in marshalling assets, obtained substantial discovery needed for the recovery of funds, obtained turnover of valuable assets, and also made great strides toward determinations necessary to ensure a proper claims process (Factor 8).

Among other things, during the Application Period the Receiver sold the home of Defendant Frederic Elm and Relief Defendant Amanda Elm (collectively, the "Elms"), which was purchased with Receivership funds; the Receiver sold two of the Elms' Vehicles; the Receiver obtained funds from third parties which received funds from Receivership Entities; and the Receiver has identified assets transferred to third parties by Receivership Entities which the Receiver is analyzing for potential claw-back actions. In view of these circumstances, this request for fees and expenses, which are the result of discounted and reduced rates, is appropriate and warranted (Factor 12).

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the United States Supreme Court identified the "starting point for determining a reasonable fee is the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate." This approach, known as the "lodestar" method, has achieved dominance in the federal courts after *Hensely*. *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010).

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd. Miami, Florida  33131-1811  305.373.9400

9

The Receivership Order entered on January 16, 2015 (D.E. 13) provides that the "Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by ETIA and the Elm Tree Funds; said amount or amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of the Court." (D.E. 13 ¶ 14). The Receivership Order also provides that the Receiver may "[m]ake or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary, and advisable in discharging the Receiver's duties". (D.E. 13 ¶ 8).

MMA's invoice for professional services is attached as Exhibit 2 to this Third Interim Application. The invoice summarizes the lodestar amount from July 1, 2015 through December 31, 2015, and contains detailed descriptions of the work performed by each timekeeper, by date, the amount of time worked, and the lodestar amount for the day by timekeeper. Page 27 of the invoice contains a summary of the hours worked by each timekeeper. Pages 25-26 of the invoice contain descriptions for all incurred and claimed expenses by MMA. Although the Receivership Order specifically provides for payment of such expenses, the Receiver is seeking approval for payment of expenses in the amount of $542.48. Exhibit 3 includes the corresponding invoices and receipts available.

The identity, experience, and qualifications for each timekeeper at MMA for whom fees are sought are as follows:

    a. Grisel Alonso: Ms. Alonso has over 28 years of experience in complex civil financial litigation, specializing in insolvency, liquidation, and related litigation.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

10

       She was admitted to practice law in Florida in 1987 and is a former Assistant United States Attorney in the Southern District of Florida in the Civil Division. She has been the Director of Receivership and Fiduciary Services at MMA since 2014 and acts as a court-appointed fiduciary in federal and state courts and manages and oversees the case management of the MMA's fiduciary cases.

b. Dick Haslam: Mr. Haslam has been a case administrator at MMA for over four years and has experience in supporting MMA's court-appointed fiduciaries with asset analysis and recovery, asset disposition, business operations, case administration, securing records, data analysis, and identifying potential claw-backs and causes of action for the fiduciaries to pursue.

c. Steven Zuckerman: Mr. Zuckerman has over 20 years of experience as a financial analyst with MMA in the areas of asset identification, recovery, and data analysis.

d. Kimberly Koebel: Ms. Koebel has been a case analyst with MMA for two years with experience in case administration, asset analysis, and data analysis.

MMA has devoted 357.2 hours to this Receivership action between July 1, 2015 and December 31, 2015 for which the Receiver seeks compensation. A summary of each timekeeper's rates, hours, and lodestar is reflected in the table below:

| Name | Rate | Hours | Lodestar |
|---|---|---|---|
| Grisel Alonso | $295.00 | 195.2 | $57,584.00 |
| Dick Haslam | $225.00 | 126.1 | $28,372.50 |
| Steven Zuckerman | $195.00 | 16 | $3,120.00 |
| Kimberly Koebel | $75.00 | 19.9 | $1,492.50 |
| **TOTALS** | | **357.2** | **$90,569.00** |

A detailed description of the tasks performed by each timekeeper at MMA for whom the Receiver is seeking payment can be found on Exhibit 2. A summary of those tasks, by

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

11

timekeeper, is as follows: (1) Grisel Alonso: asset analysis and recovery, asset disposition, analysis of potential claw-back actions, preparation of reports to the Court and SEC, noticing investors and handling investor inquiries, conferences with SEC and defense counsel and counsel for third parties, and legal liaison; (2) Dick Haslam: case administration, asset investigation, asset analysis and recovery, business operations, identification of potential claw-back targets, and data analysis; (3) Steven Zuckerman: analysis of bank and brokerage accounts and analysis of investor deposits and payments; (4) Kimberly Koebel: case administration, asset analysis, and data analysis.

The Receiver respectfully submits that the hours and discounted rates billed for the timekeepers at MMA are reasonable.  The Receiver has discounted her regular hourly rate of $350.00 to $295.00 and the regular hourly rates of her staff at MMA to $50.00 to $225.00.

B&C's Statement of Account is attached as Exhibit 4 to this Second Interim Application. The Statement of Account, on the first page, summarizes the lodestar amount and the total expenses incurred from July 1, 2015 through December 31, 2015. Pages 3 through 33 of the Statement of Account contain detailed descriptions of the work performed by B&C's timekeepers, by date, the amount of time worked, and the lodestar amount for the day by timekeeper. Page 34 of the Statement of Account contains a summary of the hours worked by lawyer or paralegal. Pages 35 through 36 of the Statement of Account itemize the expenses incurred by B&C in the amount of $2,917.15 and the corresponding invoices and receipts are attached as Exhibit 5.

The identity, experience, and qualifications for each timekeeper at B&C for whom fees are sought are as follows:

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

12

- Daniel S. Newman: Mr. Newman is a partner at B&C who was admitted to practice law in Florida and New York in 1992. He is a member of the firm's Commercial Litigation, Construction Law and Litigation, Corporate and Securities, and White Collar Defense and Compliance Practice Groups. Mr. Newman has extensive experience in complex, business, securities and construction litigation and has served as counsel to court-appointed Receivers and served as a court-appointed Receiver, including in actions brought by the United States Securities and Exchange Commission. He began his career as an attorney with the SEC's New York Regional Office, in the Division of Enforcement.

- Amanda Star Frazer: Ms. Frazer is Senior Counsel at B&C. She was admitted to practice law in Florida in 2007, the District of Columbia in 2014, and New York in 2015. She is a member of the firm's Commercial Litigation and Real Estate Litigation Practice Groups and specializes in commercial litigation, real estate litigation and fraud.

- Trish Anzalone: Ms. Anzalone is a paralegal at B&C. She has been with the firm since 1999 and has extensive experience in administration of receivership cases, preparation of discovery, and document production, collection and review.

B&C has devoted 219.5 hours to this Receivership action from July 1, 2015 through December 31, 2015, for which the Receiver seeks compensation. A summary of each timekeeper's rates, hours, and lodestar is reflected in the table below:

| Name | Rate | Hours | Lodestar |
|---|---|---|---|
| Daniel S. Newman | $325.00 | 94.2 | $30,615.00 |
| Amanda Star Frazer | $325.00 | 87.4 | $28,405.00 |
| Trish Anzalone | $125.00 | 37.9 | $4,737.50 |
| **TOTALS** | | **219.5** | **$63,757.50** |

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

13

A detailed description of the tasks performed by each timekeeper at B&C for whom the Receiver is seeking payment can be found on Exhibit 4. A summary of those tasks is as follow: (1) Daniel S. Newman: analysis of legal issues and strategy, asset investigation, preparation and review of litigation materials including motions, discovery materials, and other related filings; representation of Receiver at depositions; conferences with SEC and defense counsel and counsel for third parties, and analysis of potential claw-back and recovery actions; (2) Amanda Star Frazer: analysis of legal issues, asset investigation, preparation and review of litigation materials, conferences with SEC and defense counsel and counsel for third parties, and analysis of potential claw-back and recovery actions; (3) Trish Anzalone: preparation of discovery and analysis, collection and maintenance of document production.

The Receiver respectfully submits that the hours and discounted rates billed for the timekeepers at B&C are reasonable. B&C has discounted its regular rates for this matter as follows: Daniel Newman discounted his regular rate of $530.00, when this action began, to $325.00, and Amanda Star Frazer discounted her regular rate of $340.00, when this action began, to $325.00.[2]

Further, the Court's Order of January 22, 2015 (D.E. 16) granting the Receiver's Motion to Employ Legal Counsel (D.E. 15) states that the "Receiver is authorized to retain the law firm of Broad and Cassel to serve as legal counsel to the Receiver, at the rates set forth in the Motion." (D.E. 16 at p. 2). The Receiver's Motion to Employ Legal Counsel states that partners and of-counsel of B&C will be billed at the discounted hourly rate of $325.00, associates would be capped at $275.00, and paralegals will be billed at $125.00. (D.E. 15 at pp. 3-4).

---

[2] Mr. Newman and Ms. Frazer's standard hourly rates have since risen, but they maintain the rate of $325 for services provided to the Receiver in this action.

BROAD and CASSEL
One Biscayne Tower, 21st Floor  2 South Biscayne Blvd. Miami, Florida  33131-1811  305.373.9400

14

WHEREFORE, the Receiver, Grisel Alonso, respectfully requests that this Court enter an Order authorizing the payment of: (1) $91,111.48 in fees and costs to the Receiver and her professionals at Michael Moecker and Associates, Inc.; (2) $66,674.65 in fees and costs to Broad and Cassel; and (3) authorizing the Receiver to distribute from the Receivership Estate funds to its retained counsel and professionals.

Respectfully submitted,

**BROAD AND CASSEL**
Attorneys for Receiver
2 South Biscayne Boulevard, 21st Floor
Miami, FL 33131
Tel: (813) 225-3011
Fax: (813) 204-2137

By: *s/Daniel S. Newman*
Daniel S. Newman, P.A.
Florida Bar No. 0962767
dnewman@broadandcassel.com
Amanda Star Frazer, Esq.
Florida Bar No. 43921
afrazer@broadandcassel.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 29th, 2016, a true and correct copy of the foregoing was served via electronic transmission on all counsel or parties of record on the Service List below.

By: *s/Daniel S. Newman*
Daniel S. Newman, P.A.

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

15

**SERVICE LIST**

| | |
|---|---|
| Patrick R. Costello, Esq.<br>Katharine Zoladz, Esq.<br>costellop@sec.gov<br>zoladzK@sec.gov<br>U.S. Securities and Exchange Commission<br>801 Brickell Avenue<br>Suite 1800<br>Miami, FL 33131<br>*Counsel for U.S. Securities and Exchange Commission* | David R. Chase, Esq.<br>david@davidchaselaw.com<br>David R. Chase, P.A.<br>1700 East Las Olas Boulevard<br>Suite 305<br>Fort Lauderdale, FL 33301<br>*Counsel for Defendant Frederic Elm and Relief Defendant Amanda Elm* |
| Christopher Bruno, Esq.<br>cbruno@brunodegenhardt.com<br>Bruno & Degenhardt<br>10615 Judicial Drive<br>Suite 703<br>Fairfax, VA 22030<br>*Counsel for Defendant Frederic Elm and Relief Defendant Amanda Elm* | Grisel Alonso, Esq.<br>galonso@moecker.com<br>Michael Moecker & Associates, Inc.<br>1883 Marina Mile Blvd., Suite 106<br>Fort Lauderdale, FL 33315<br>*Receiver* |

BROAD and CASSEL
One Biscayne Tower, 21st Floor   2 South Biscayne Blvd. Miami, Florida  33131-1811   305.373.9400

16