UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-60082-DIMITROULEAS/SNOW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

FREDERIC ELM f/k/a FREDERIC ELMALEH,
et al.,

    Defendants,

and

AMANDA ELM f/k/a AMANDA ELMALEH,

    Relief Defendant.

_____ )

## RECEIVER'S TENTH INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES INCURRED BY THE RECEIVER AND RETAINED COUNSEL

Grisel Alonso, not individually, but solely in her capacity as Court-appointed receiver ("Receiver") for Elm Tree Investment Advisors, LLC, Elm Tree Investment Fund LP, Elm Tree "e"Conomy Fund LP, Elm Tree Motion Opportunity LP, and Etopia LP (collectively, the "Receivership Entities"), files her Tenth Interim Application for Allowance and Payment of Fees and Expenses Incurred by the Receiver and Retained Counsel, and requests that this Court enter an Order authorizing her to make payments for certain professional services and expenses incurred during the period of September 1, 2019 through February 28, 2022 ("Application Period").

The Receiver respectfully requests that the Court authorize the Receiver to pay: (a) Michael Moecker and Associates, Inc. ("MMA") for reasonable fees and costs; (b) Grisel Alonso and

Associates, LLC ("Alonso Associates")[1] for reasonable fees and costs; and (c) Nelson Mullins Broad and Cassel ("Nelson Mullins"),[2] as Receiver's primary counsel, for reasonable attorneys' fees and costs.

The Securities and Exchange Commission has reviewed this Tenth Interim Application and does not object to the relief requested herein.

## I. RETENTION OF RECEIVER

### A. The SEC's Motion

On January 15, 2015, the SEC filed its Complaint for Injunctive and Other Relief (D.E. 1) and Emergency Motion to Appoint for Appointment of Receiver (D.E. 8). In the Complaint, the SEC seeks to temporarily and permanently enjoin Defendant Frederic Elm f/k/a Frederic Elmaleh ("Defendant Elm") and the Receivership Entities from violating the antifraud and registration provisions of federal securities laws. (D.E. 1 at 1). The Commission also seeks to protect and preserve millions of dollars of investor assets at risk. (*Id*. at 2).

### B. The Court Appoints Grisel Alonso, Esq. as Receiver

On January 16, 2015, the Court entered an order appointing Ms. Alonso as the Receiver (the "Receivership Order"). (D.E. 13). The Order placed the Receiver in charge of the Receivership Entities. (*Id.* at 2). The Receivership Order authorized and directed the Receiver to, among other things:

- take immediate possession of all property, assets and estates of every kind of the Receivership Entities;

- investigate the manner in which the affairs of the Receivership Entities were conducted;

---

[1] In or about February 2020, the Receiver left MMA to open her own firm, Alonso Associates.

[2] In or about August 2018, Broad and Cassel LLP merged with Nelson Mullins Riley & Scarborough LLP, forming Nelson Mullins Broad and Cassel in Florida. The firm now goes by "Nelson Mullins".

- employ legal counsel and other professionals as the Receiver deems necessary and to take possession of the assets and business and to fix and pay their reasonable compensation and reasonable expenses;

- engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities;

- defend, compromise or settle legal actions in which the Receivership Entities or the Receiver is a party;

- assume control of all of the Receivership Entities' financial accounts, as necessary;

- make payments and disbursements from the funds and assets taken into control as necessary in discharging the Receiver's duties; and

- have access to and review all mail of the Receivership Entities, Defendant Elm, and Relief Defendant Amanda Elm f/k/a Amanda Elmaleh.

(D.E. 13 at 2-3).

## II.   REQUEST FOR FEES AND EXPENSES

The Receiver respectfully requests an award for all legal and professional fees and the reimbursement of certain expenses incurred on behalf of the Receiver for services rendered during the Application Period. These amounts total $37,185.63 in the aggregate ("Total Award"). The Total Award is comprised of: (a) $8,277.13 in fees and costs for the Receiver and other professionals at MMA; (b) $20,310.52 in fees and costs for the Receiver at Alonso Associates; and (c) $8,597.98 in legal fees and costs for Nelson Mullins.

Significantly, the Receiver and her professionals worked at deeply discounted rates in performing their functions. Moreover, the Receiver and her counsel further reduced the final total cost by writing off various fees incurred for work performed and not charging for other services.

This request is the Receiver's tenth application to the Court for compensation and reimbursement of expenses for services rendered on behalf of the Receiver.

No understanding exists between the Receiver and any other person for the sharing of compensation sought by this Receiver, except among the firms retained by the Receiver.

As demonstrative of the efforts performed on behalf of the Receiver, the Receiver has attached exhibits to this Application consisting of:

| | |
|---|---|
| Exhibit 1: | Individualized and Detailed Descriptions of the Services Rendered and Expenses Incurred by MMA, including timekeeper summary; |
| Exhibit 2: | Individualized and Detailed Descriptions of the Services Rendered and Expenses Incurred by Alonso Associates, including timekeeper summary; |
| Exhibit 3: | Invoices and receipts for Expenses of MMA and Alonso Associates; |
| Exhibit 4: | Individualized and Detailed Descriptions of the Services Rendered by and Expenses Incurred by Nelson Mullins |

Exhibit 1 reflects individualized and detailed descriptions of the daily services rendered and hours expended by the Receiver and her professionals and paraprofessionals at MMA, including a timekeeper summary. Exhibit 1 also includes an itemization of the actual and necessary out-of-pocket expenses incurred by MMA. Exhibit 1 is based on, among other information, the contemporaneous daily time records maintained by the Receiver and her professionals and paraprofessionals at MMA who rendered services in this case. These time records have been reviewed and approved by the Receiver, and, based on the complexity of the case, the Receiver respectfully submits that the requested compensation is reasonable.

Exhibit 2 reflects individualized and detailed descriptions of the daily services rendered and hours expended by the Receiver at Alonso Associates, including a timekeeper summary. Exhibit 2 also includes an itemization of the actual and necessary out-of-pocket expenses incurred by Alonso Associates. Exhibit 2 is based on, among other information, the contemporaneous daily time records maintained by the Receiver at Alonso Associates. These time records have been

reviewed and approved by the Receiver, and, based on the complexity of the case, the Receiver respectfully submits that the requested compensation is reasonable.

Exhibit 3 contains copies of the invoices and receipts for the expenses incurred and disbursements made by MMA and Alonso Associates during the Application Period. The expenses and disbursements summarized in Exhibit 3 are those which the Receiver would typically invoice to clients.

Exhibit 4 contains an individualized and detailed description of the daily services rendered and the hours expended by the various attorneys, paralegals, and professionals at Nelson Mullins employed on behalf of the Receiver in this case, including timekeeper summaries. Exhibit 4 also contains a detailed schedule which lists the expenses incurred and disbursements made by Nelson Mullins for which the Receiver seeks funds for reimbursement. Exhibit 4 is based on, among other information, the contemporaneous daily time records maintained by the attorneys, paralegals, and professionals at Nelson Mullins who rendered services in this case. These time records have been reviewed and approved by the Receiver, and, based on the complexity of the case, the Receiver respectfully submits that the requested compensation is reasonable.

### III.     MEMORANDUM OF LAW

Under governing law, following a determination that services were rendered and costs expended in furtherance of the Receivership, the Court may award compensation for those fees and costs. When determining an award of attorneys' fees incurred during a receivership, the Court should give consideration to the factors for compensation that the Eleventh Circuit articulated in *In re Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988): (1) the time and labor required; (2) the novelty and difficulty of the question involved; (3) the skill requisite to perform the legal service properly; (4) the likelihood, if apparent to the client, that the

acceptance of the particular employment will preclude other employment by the lawyer; (5) the fee customarily charged in the locality for similar legal services; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or by the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the lawyer or lawyers performing the services; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) any awards in similar cases. *See also Sec. & Exch. Comm'n v. Elliot*, 953 F. 2d 1560, 1577 (11th Cir. 1992). The Receiver respectfully submits that her request for fees for payment of her attorneys and other professionals meets the criteria for this interim compensation.

In this case, the Receivership Order requires the Receiver, among other things, to take immediate possession of all property, assets and estates of the Receivership Entities; investigate the way the affairs of the Receivership Entities were conducted; and assume control of all of the Receivership Entities' financial accounts, as necessary. (D.E. 13 at 2-3). The Receivership Order allows the Receiver to appoint "one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business…." (*Id.* at 3). The Court further authorized payment of these professionals from the funds held by the Receivership. (*Id.*).

The Receiver's attorneys, paralegals, and advisors have incurred reasonable fees and costs consistent with the Court's Orders, and payment is appropriate and warranted in consideration of the Eleventh Circuit multi-factor test, as follows: The Receiver and the Receiver's attorneys have expended a considerable amount of time and effort in order to perform the extensive work necessary to perform the tasks set forth in this Court's Receivership Order. (Factor 1). There were difficulties

determining the interrelationship of the Defendants' related entities and certain recipients of funds, including the transfers of funds from Receivership Entities to third parties for which there are little to no supporting documents providing a basis for the transfers, which required analysis and discovery by the Receiver and her counsel (Factors 2 and 3). The Receiver and her counsel have engaged in extensive fact-finding and legal analysis in light of the complex issues raised by the Receivership, interested parties, and potential fraudulent transferees, limiting their ability to perform other, significant work due to the demands of this case on their time (Factor 4). Moreover, the Receiver and the law firms retained by the Receiver agreed to work for significantly reduced rates to maximize the amount of funds ultimately to be distributed to investors (Factor 5). Accordingly, they have taken a substantial financial risk, and failure to recover their fees would place a tremendous burden on their practices (Factor 6).

Further, managing the Receivership and the attendant litigation presented numerous, complex issues, and the Receiver and her retained counsel have spent a great deal of time and effort trying to obtain information about the Receivership Entities and their relationship with others. (Factors 2, 3, 7). The Receiver's tasks were made more challenging and complicated because the Receiver was required to attempt to enforce numerous judgments in Canada, during the COVID-19 pandemic. (*Id.*)

The foregoing challenges, the significant responsibilities of the Receiver, the complex factual and legal issues and the amount of money at stake, all necessitated the retention of the experienced, skilled, and reputable professionals at issue. (Factors 2, 3, 8, 9). The results obtained have been significant. (Factor 8). The Receiver and her retained counsel gathered a great deal of information that assisted in marshalling assets, obtained substantial discovery needed for the recovery of funds, obtained turnover of valuable assets. (Factor 8).

During the Application Period, the Receiver continued work related to her clawback action in the United States District Court for the Southern District of Florida, *Alonso v. Benvenuto*, Case No. 16-cv-62603 ("Clawback Litigation"). The Defendants in that action, many of whom are located in Canada, all received funds from the Receivership Entities. During the Application Period, in connection with the Clawback Litigation, the Receiver: (i) reviewed issues relating to existing settlement agreements with various Defendants; (ii) worked with her retained Canadian counsel to enforce judgments against Defendants residing in Canada[3]; (iii) analyzed the potential sale of judgments; (iv) investigated other means of obtaining funds from the judgments, including garnishments; and (v) finalized settlements with the remaining defendants in the Clawback Litigation. In view of the work performed, this request for fees and expenses related to the Clawback Litigation, which are the result of discounted and reduced rates, is appropriate and warranted (Factor 12).

The Receiver also continued work related to her clawback action against Victor Elmaleh (Fred Elm's father), Mercedes Elmaleh (Fred Elm's mother), 1925333 Ontario Inc. d/b/a Cleartech Computing System, Engage Marketing Group Inc., and M3 Designs, Inc., in the United States District Court for the Southern District of Florida, Case No. 17-61390 ( the "Etopia Action"). The Defendants in that action, all of whom are located in Canada, received funds from the Receivership Entities. During the Application Period, in connection with the Etopia Action, the Receiver attended to steps to execute judgments against Victor Elmaleh and Mercedes Elmaleh in Canada.

In addition to the above, in connection with her duties, the Receiver performed the following work during the Application Period:

- Continued carrying out the Court-approved claims process;

---

[3] The Receiver has paid the fees incurred by Canadian counsel, Gowling WLG, pursuant to the Order permitting its retention. (D.E. 140).

- Prepared necessary calculations and documents to make a first distribution of funds to approved claimants;

- Successfully made a first distribution of funds to approved claimants;

- Began preparations to make a second and final distribution of funds to approved claimants;

- Handled tax and accounting issues impacting the Receivership;

- Began preparations to close the Receivership; and

- Attended to investor inquiries and other maintenance of the Receivership Estate, including preparation of Standardized Fund Accounting Reports.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the United States Supreme Court identified the "starting point for determining a reasonable fee is the number of hours reasonable expended on the litigation multiplied by a reasonable hourly rate." This approach, known as the "lodestar" method, has achieved dominance in the federal courts after *Hensely*. *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010).

The Receivership Order entered on January 16, 2015 (D.E. 13) provides that the "Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by ETIA and the Elm Tree Funds; said amount or amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of the Court." (D.E. 13 ¶ 14). The Receivership Order also provides that the Receiver may "[m]ake or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary, and advisable in discharging the Receiver's duties". (D.E. 13 ¶ 8).

MMA's invoice for professional services is attached as Exhibit 1 to this Tenth Interim Application. The invoice summarizes the lodestar amount from September 1, 2019 through January 31, 2020, after which time the Receiver left MMA to open Alonso Associates. Exhibit 1 contains detailed descriptions of the work performed by the Receiver by date, the amount of time worked, and the daily lodestar amount. Page 6 of Exhibit 1 contains a total of the hours worked and fees incurred by the Receiver at MMA. Pages 6-9 of Exhibit 1 contain descriptions for all incurred and claimed expenses by MMA. Although the Receivership Order specifically provides for payment of such expenses, the Receiver is seeking approval for payment of expenses of MMA in the amount of $1,787.13. Exhibit 3 includes the corresponding invoices and receipts available.

Alonso Associates' invoice for professional services is attached as Exhibit 2 to this Tenth Interim Application. The invoice summarizes the lodestar amount from February 1, 2019 through February 28, 2022. Exhibit 2 contains detailed descriptions of the work performed by the Receiver by date, the amount of time worked, and the daily lodestar amount. Page 10 of Exhibit 2 contains a total of the hours worked and fees incurred by the Receiver at Alonso Associates. Pages 10-12 of Exhibit 2 contain descriptions for all incurred and claimed expenses by Alonso Associates. Although the Receivership Order specifically provides for payment of such expenses, the Receiver is seeking approval for payment of expenses of Alonso Associates in the amount of $1,607.52. Exhibit 3 includes the corresponding invoices and receipts available.

The Receiver is the only timekeeper for MMA and Alonso Associates. Ms. Alonso, the Receiver, was the Director of Receivership and Fiduciary Services at MMA from 2014 through January 2021. In February 2021, she opened Alonso Associates. She has served as a court-appointed fiduciary in federal and state courts. While at MMA, she and managed and oversaw case management of the MMA's fiduciary cases. Ms. Alonso has extensive experience in complex civil

financial litigation, specializing in insolvency, liquidation, and related litigation. She was admitted to practice law in Florida in 1987 and is a former Assistant United States Attorney in the Southern District of Florida in the Civil Division.

The Receiver worked 85.6 hours on this Receivership action, charging $295 an hour while at both MMA and Alonso Associates, from September 1, 2019 through February 28, 2022. The Receiver respectfully submits that the hours and discounted rates billed are reasonable. The Receiver has discounted her regular hourly rate of $525.00 to $295.00.

Nelson Mullins's Statement of Account is attached as Exhibit 4 to this Tenth Interim Application. The Statement of Account summarizes the lodestar amount and the total expenses incurred from September 1, 2019 through February 28, 2022. The identity, experience, and qualifications for each timekeeper at Nelson Mullins for whom fees are sought are as follows:

    a. Daniel S. Newman: Mr. Newman is a partner at Nelson Mullins who was admitted to practice law in Florida and New York in 1992. He is a member of the firm's Receivership Practice, Commercial Litigation & Business Torts, and Securities & Enforcement practice groups. Mr. Newman has extensive experience in complex, business, securities and construction litigation and has served as counsel to court-appointed Receivers and served as a court-appointed Receiver, including in actions brought by the United States Securities and Exchange Commission. He began his career as an attorney with the SEC's New York Regional Office, in the Division of Enforcement.

    b. Christopher Cavallo: Mr. Cavallo is a partner at Nelson Mullins. He was admitted to practice law in Florida in 2011. He is a member of the firm's Receivership

        Practice, Commercial Litigation & Business Torts, and White-Collar Defense & Government Investigations practice groups.

  c. Gene C. Crick: Mr. Crick is a partner at Nelson Mullins. He was admitted to practice law in Florida in 1993. He is a member of the firm's Tax practice group.

  d. Kayla Keller Quintana: Ms. Quintana is an associate at Nelson Mullins. She was admitted to practice law in Florida in 2017. She is a member of the firm's Commercial Litigation & Business Torts practice group.

Nelson Mullins has devoted 26 hours to this Receivership action from September 1, 2019 through February 28, 2022, for which the Receiver seeks compensation. A summary of each timekeeper's rates, hours, and lodestar is reflected in the following table:

| Name | Rate | Hours | Lodestar |
|---|---|---|---|
| Daniel S. Newman | $325.00 | 12.5 | $4,062.50 |
| Christopher Cavallo | $325.00 | 11.6 | $3,770.00 |
| Gene Crick | $325.00 | 0.4 | $130.00 |
| Kayla K. Quintana | $320.00 | 1.5 | $480.00 |
| **TOTALS** | | **26.0** | **$8,442.50** |

A detailed description of the tasks performed by each timekeeper at Nelson Mullins for whom the Receiver is seeking payment can be found on Exhibit 4. The Receiver respectfully submits that the hours and discounted rates billed for the timekeepers at Nelson Mullins are reasonable. Nelson Mullins has discounted its regular rates for this matter as follows: Daniel Newman discounted his regular rate of $625 to $325 and Christopher Cavallo discounted his regular rate of $595 to $325. Other attorneys who have worked on the file had their hourly rates reduced to similar amounts.

WHEREFORE, the Receiver, Grisel Alonso, respectfully requests that this Court enter an Order authorizing the payment of $37,185.63 in fees and costs as follows: (a) $8,277.13 in fees and

costs for the Receiver at MMA; (b) $20,310.52 in fees and costs for the Receiver at Alonso Associates; and (c) $8,597.98 in fees and costs for Nelson Mullins.

Respectfully submitted,

**NELSON MULLINS**
Attorneys for Receiver
2 South Biscayne Boulevard, 21st Floor
Miami, FL 33131
Tel: (813) 225-3011
Fax: (813) 204-2137

By: */s/ Christopher Cavallo*
Christopher Cavallo, Esq.
Florida Bar No. 0092305
chris.cavallo@nelsonmullins.com
Daniel S. Newman, P.A.
Florida Bar No. 0962767
dan.newman@nelsonmullins.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2022, a true and correct copy of the foregoing was served via electronic transmission on all counsel or parties of record.

By: */s/ Christopher Cavallo*
Christopher Cavallo, Esq.
